Per Curiam.

Respondent’s refusal to accept the articles of incorporation for filing and recording is on the ground that relators are seeking to form a nonprofit corporation to carry on activities which are, at least in part, prohibited by Section 2905.31, Revised Code, namely, the practice of the cult of nudism.
That section provides in part: “No person 18 years of age or over shall willfully expose his or her private parts in the presence of two or more persons of the opposite sex, or aid or abet any such act, or procure another so to expose his or her private parts * * The section provides further that it shall not be applicable to persons exposing themselves for nursing or medical care or bona fide posing for art purposes.
Relators contend that the section is unconstitutional, being in direct violation of the First and Fourteenth Amendments to the federal Constitution, and Sections 1, 2, 3 and 11 of Article I of the Ohio Constitution; that relators have a basic right to assemble as nudists with others of a like belief; that, their assemblage being peaceable in nature, the above-quoted section is violative of the federal and state Constitutions and operates in such a manner as to abridge the rights of freedom of speech, freedom of the press, and peaceable assembly given by the Constitutions; and that the law is partial in its operation and unduly oppressive.
*33 The articles of incorporation set forth as the purposes of the proposed corporation:
“A. To further the practice of nudism.
“B. To promote and develop a strong nudist movement composed of member clubs and individual members.
“C. To provide private facilities where members of both sexes may congregate together and in the presence of each other practice nudism without intrusion from or interference by the public. •
“D. To develop a program to enlighten the public on the benefits of social nudism.
“E. To foster public health through the teaching and practice of physical and mental hygiene.”
The merits of nudism as a doctrine of life need not be considered in deciding this case. The question presented is whether relators may form a nonprofit corporation to carry on activities which are, at least in part, prohibited by statute.
Section 1702.03, Bevised Code, appearing in the chapter, “Nonprofit Corporation Law,” provides in part: “A corporation may be formed for any purpose or purposes for which natural persons lawfully may associate themselves * * *.” (Emphasis added.) Clearly, a nonprofit corporation can not be formed for an unlawful purpose. The formation of a corporation “to provide private facilities where members of both sexes may congregate together and in the presence of each other practice nudism,” as stated in the proposed articles of incorporation, clearly would be violative of Section 2905.31, Bevised Code, which prohibits the practice of nudism, regardless of the belief of those desiring to practice it as a doctrine of life, cult or sect.
The enactment of Section 2905.31, Bevised Code, was a valid exercise of the police power.
“In determining the constitutionality of the statute, as measured by the police power, we need only to inquire whether this statute is an unreasonable, arbitrary, and oppressive exercise of the police power, and whether it is really designed to accomplish a purpose falling within the scope of the police *34 power. Every reasonable presumption is indulged in favor of its constitutionality, and if the statute bears ‘any reasonable relation to the public welfare and public morals the courts may not declare it to be invalid.” Davis v. State, 118 Ohio St., 25, 160 N. E., 473.
The relators not having shown by their petition a clear legal right to the relief prayed for, the demurrer to the petition is sustained and, relators not desiring to plead further, a writ of mandamus is denied.

Demurrer sustained and writ denied.

Weygandt, C. J., Matthias, Hart, Zimmerman, Stewart, Bell and Taft, JJ., concur.